IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DENATIAN KENT, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PWG-19-3114 |
| WARDEN ALLEN GANG, and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * | |
| | * | |
| Respondents. | * | |

*** 

### MEMORANDUM OPINION

Petitioner Denatian Kent filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 1995 conviction in the Circuit Court for Baltimore County and subsequent 2011 recission of his parole date. ECF No. 1. Respondents assert that the Petition is subject to dismissal because the claim challenging the underlying conviction is untimely and the claim challenging the parole recission is procedurally defaulted. ECF No. 7.[1] Kent was provided with the opportunity to respond to Respondent's procedural defenses but failed to file a reply.[2] No hearing is necessary to resolve the matter. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District*

---

[1] Kent's federal habeas petition challenges his April 1995 conviction in Baltimore County Circuit Court for attempted murder, carjacking, and a handgun offense, for which he received a sentence of sixty years of imprisonment. ECF No. 1 at 1. Respondents attach transcripts from Kent's subsequent unrelated convictions in June of 1995 in Baltimore City Circuit Court for first degree murder, armed robbery, and use of a handgun in the commission of a crime of violence. *See* ECF Nos. 7-2, 7-3, 7-4, 7-5, 7-6, 7-7, and 7-8. Kent received a life sentence for these convictions. ECF No. 7-8 at 47.

[2] Instead, Kent filed a motion to withdraw his petition (ECF No. 11), which he later asked to withdraw while asking for a temporary restraining order due to COVID-19 conditions in his place of incarceration. ECF No. 13. The Court denied Kent's request for injunctive relief on July 13, 2020. ECF No. 20. Kent never filed a pleading responsive to the Court's February 25, 2020 Order directing him to address to Respondents' procedural objections.

*Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the Court shall deny the Petition. The Court also declines to issue a certificate of appealability.

## BACKGROUND

A jury in the Circuit Court for Baltimore County found Kent guilty of attempted second degree murder and related offenses in April of 1995. ECF No. 7-1 at 4, 6. Kent was sentenced to serve an aggregate sentence of sixty years in prison. ECF No. 7-1 at 8-9. Kent raised several issues on direct appeal. Relevant to these proceedings, Kent alleged that the trial court erred when it determined that his Sixth Amendment speedy trial rights had not been violated. ECF No. 7-1 at 62-65. The Court of Special Appeals detailed the timeline of Kent's pretrial incarceration in Pennsylvania on unrelated charges and the efforts made by prosecutors to transfer Kent to Maryland, concluding that some delay was the state's fault, but that Kent's speedy trial rights were not violated. *Id*. The Court of Special Appeals affirmed his conviction. ECF No. 7-1 at 107-136. The Maryland Court of Appeals denied Kent's petition for certiorari on November 22, 1996. ECF No. 7-1 at 138.

Kent sought post-conviction relief with the Baltimore County Circuit Court on April 7, 1997. ECF No. 7-1 at 6. The Circuit Court denied relief on May 11, 1999 (ECF No. 7-1 at 7), and Kent filed a motion to reopen his postconviction petition on July 8, 2002, which was denied on October 9, 2002. ECF No. 7-1 at 8. Kent subsequently filed several motions for collateral review, including at least two additional motions to reopen postconviction (ECF No. 7-1 at 18, 21), two motions to correct illegal sentence (ECF No. 7-1, at 21, 27), and a petition for habeas corpus relief (ECF No. 7-1 at 24).

On September 30, 2009 the Maryland Parole Commission approved Kent for parole release in January of 2012. ECF No. 7-1 at 157-158.[3] On July 25, 2011 Kent was brought before a Maryland Division of Correction Hearing Officer, who determined that Kent assaulted a staff member, escaped from pre-release status, disobeyed a direct lawful order, and a violated a home detention rule. ECF No. 7-1 at 139-144. Kent received notice on July 28, 2011 that his approval for parole was suspended due to a "Notice of Infraction." ECF No. 1-1 at 4.

On August 29, 2011 the Maryland Parole Commission refused Kent's parole due to an active detainer in Baltimore City for second degree assault. ECF No. 1-1 at 5. Following a bench trial in Baltimore City Circuit Court on February 22, 2012, Kent was found guilty of second degree assault. ECF No. 1-1 at 7-8.[4] He received a sentence of seven months' imprisonment. *Id.* On May 2, 2012 the Maryland Parole Commission's Appellate Decision agreed his parole should be denied. ECF No. 7-1 at 159. Kent's request for reconsideration was denied on October 2, 2014. ECF No. 7-1 at 150.

Kent was again denied parole on March 6, 2017 due to the 2012 conviction for second degree assault. ECF No. 1-1 at 10. His request for reconsideration was denied on April 17, 2019. ECF No. 7-1 at 149.[5]

Kent filed a Petition for Administrative Mandamus in the Circuit Court for Baltimore City on or about October 8, 2019. ECF No. 7-1 at 151-56, 175. The Circuit Court dismissed the petition as

---

[3]    The date is unclear, but it appears at some point Kent signed a Central Home Detention Unit Program Agreement. ECF No. 7-1 at 142.

[4]    Kent was found not guilty of second degree assault of a law enforcement officer and not guilty of escape. ECF No. 1-1 at 7-8.

[5]    It is unclear whether this request for reconsideration is for the March 6, 2017 denial or an intervening parole hearing.

untimely on December 12, 2019. ECF No. 7-1 at 171. Kent's Motion for Reconsideration was denied

on April 21, 2021. He did not seek appellate review.[6]

Kent's Petition was submitted to this Court on October 14, 2019. ECF No. 1.

## STANDARDS OF REVIEW

### A.    Timeliness

Under 28 U.S.C. § 2244(d)(1), a petition for writ of habeas corpus must be filed within a

one-year limitations period, which runs from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State
action in violation of the Constitution or laws of the United States is
removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized
by the Supreme Court, if the right has been newly recognized by the
Supreme Court and made retroactively applicable to cases on collateral
review; or

(D)    the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.

This one-year period, however, is tolled while properly filed state post-conviction proceedings are

pending. *Id.* § 2244(d)(2).

### B.    Equitable Tolling

Under limited circumstances, the one-year limitations period for filing a habeas petition

may be subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000);

*United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). To invoke equitable tolling, a

---

[6]    This information was obtained from Baltimore City Circuit Court's online docket, docket
No. 24C19004996, https://casesearch.courts.state.md.us/casesearch/. I take judicial notice of it
pursuant to Fed. R. Evid. 201(b) & (c)(1).

petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris*, 209 F.3d at 330).

### C.     Procedural Default

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

The Fourth Circuit has explained:

If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be

required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id.* (quoting *Murray*, 477 U.S. at 488).   Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995).

### D.      Actual Innocence

Habeas petitioners may use an actual innocence claim to excuse an untimely or procedurally defaulted constitutional claim upon which they request habeas relief. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *Murray*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.*; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise untimely or defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Schlup,* 513 U.S. at 329; *Buckner v. Polk*, 453 F.3d

195, 199-200 (4th Cir. 2006). Kent has not raised actual innocence as an excuse for untimeliness or procedural default.

## ANALYSIS

Kent raises the following claims in the Petition filed with this Court: [1] his speedy trial rights were violated,[7] and [2] his parole was rescinded without due process of law.[8] ECF No. 1 at 5.

Respondents assert that Kent's speedy trial claim is untimely because it was not filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). Respondents also assert Kent's parole recission claim is unexhausted and procedurally defaulted.

### (1) Speedy Trial

For Kent's speedy trial claim, the one-year limitations period runs from the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(A); *see Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (noting the first date applies "unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date"). The Maryland Court of Appeals denied Kent's petition for certiorari on November 22, 1996. Kent had 90 days from that date to pursue

---

[7] Respondents argue that Kent may be asserting a federal claim pursuant to the Interstate Agreement on Detainers (IAD). ECF No. 7 at 8-14, 28-32. The Court disagrees. Kent does not identify any right granted by the IAD that allegedly entitles him to habeas relief.

After Kent was tried and convicted in Baltimore County, he complained that his detention by Baltimore City on separate charges was illegal because when he signed the IAD papers in Pennsylvania he only consented to transfer to Baltimore County. ECF No. 7-2 at 18-19; ECF No. 19 at 2-3. Accordingly, any complaints about the IAD appears to concern separate, unrelated convictions in Baltimore City. Kent would need to file a separate petition to challenge the legality of his custody pursuant to convictions in Baltimore City. *See* Rules Governing § 2254 Cases, Rule 2.

In any event, the issue Kent presented to the Court of Special Appeals on direct appeal was limited to Sixth Amendment speedy trial rights and therefore, to the extent Kent's Petition could be construed to include a claim pursuant to the IAD, the claim is unexhausted.

[8] Kent spreads his parole rescission issue over three grounds in his habeas petition. For brevity and clarity, the Court has condensed the issue into a single claim.

certiorari review in the Supreme Court of the United States, which he did not do. *See* U.S. Sup. Ct. Rule 13.1. The 90-day period expired on February 20, 1997; therefore, Kent's conviction became final on that day. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (noting that, if discretionary review in the state court of last resort is sought, the conviction "becomes final ... when the time for pursuing direct review in [the Supreme] Court ... expires").

The statute of limitations was tolled 46 days later when Kent filed a petition for post-conviction review on April 7, 1997. Kent's petition was denied on May 11, 1999. Then, more than three years passed before Kent sought any additional collateral review by filing a motion to reopen his post-conviction proceedings on July 8, 2002. Accordingly, the one-year statute of limitations on Kent's speedy trial claim had long expired when he filed his federal habeas petition.

Although Kent was provided with the opportunity to address the timeliness of his claim, he failed to respond, and therefore Kent has not invoked equitable tolling or claimed actual innocence. The Court's review of the record does not support a conclusion that Kent would meet the standard for either of these exceptions to the statute of limitations.

**(2) Parole Recission**

Because Kent did not appeal the denial of his petition for administrative writ of mandamus, his claim that the Parole Commission violated his due process rights by rescinding his parole is subject to dismissal for failure to exhaust administrative remedies. If Kent were to attempt to file an appeal of the circuit court's decision to the Maryland Court of Special Appeals at this date, his appeal would be dismissed as untimely under Maryland Rule 8–202(a) (appeal must be filed within thirty days after entry of judgment), and the instant petition would be subject to dismissal as procedurally defaulted. *Mackall v. Angelone,* 131 F.3d 442, 449–50 (4th Cir.1997) (*en banc*) (deeming procedurally defaulted a claim that was not presented to state appellate court, where

presentation of claim in state court would now be fruitless); *Buchanan v. Angelone,* 103 F.3d 344, 351 (4th Cir.1996) ("Failure to raise a federal claim in state court bars federal review of the omitted claim."). Consequently, Kent's parole recission claim is unexhausted and procedurally defaulted.

Kent's parole recission claim is also without merit. *See* 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The Constitution itself does not create a liberty interest in parole; such an interest exists only if some independent source such as state law creates one. *See Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 7–8, (1979); *Sandin v. Conner,* 515 U.S. 472, 483–84 (1995); *Paoli v. Lally,* 812 F.2d 1489, 1492 (4th Cir.1987). In Maryland, a liberty interest in parole arises only after the inmate is served with an Order for Parole; *see Patuxent Institution Bd. Of Review v. Hancock*, 329 Md. 556, *cert. denied*, 510 U.S. 905 (1993); and the decision to approve a prisoner for parole may be reconsidered at any time, for any reason, until the formal Order for Parole is issued. *See* Code of Maryland Regulation 12.08.01.23 ("Any case may be reviewed at the discretion of the Commission at any time upon receipt of new information of significance relative to the possibility of parole."). The Parole Commission had not yet issued a final Order for Parole, and was therefore, within its rights to review Kent's case upon learning that disciplinary infractions and a new criminal conviction had occurred. Consequently, Kent's liberty interest had not yet attached, and he has no claim for a due process violation.

## CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This Court concludes that Kent has not made such a showing and declines to issue a certificate of appealability. Kent may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.

November 2, 2022                            /s/
Date                                          Paul W. Grimm
                                         United States District Judge